MERCY TROTT *v.* GEORGE and SAMUEL WHEATON, Executors.

Where a will, reciting that it was the view of the testator to render "some aid and comfort" to his sister, M. T., "in her decline of life," directed his executors and trustees to invest out of his estate the sum of one thousand dollars in bank stock, or in any other stock or property, in their discretion, "and to pay over to said M. T. the dividends, interest, or income thereof, semi-annually, during her natural life," after which the principal sum was to be divided between the testator's children; *Held,* that the interest or income of the thousand dollars became payable to M. T. at the end of the first half year after the death of the testator, and drew interest from that time; although, by statute, the executors were not suable for it until the expiration of a year from the probate of the will.

If a cause, after hearing, is continued *nisi,* by agreement, "judgment to be entered in vacation as of the last term," and judgment be entered up by the judges, through an error in calculation, for a less sum than their decision required, it is competent for them, upon motion, after due notice, to conform the judgment in amount to the principle of their decision, as within, and incident to, the power reserved by agreement.

ASSUMPSIT against the defendants, executors of the will of Freeborn Sisson, late of Warren, deceased, to recover the dividends or arrears of interest on a legacy of $1,000, directed by said will to be invested for the plaintiff's use during her natural life.

At the trial of the case, under the general issue, before the court, a jury trial having been waived by agreement, it appeared, that Freeborn Sisson, by his will dated May 12, 1848, after giving some specific legacies, and certain pecuniary legacies to be paid by his executors and trustees out of his estate, "in ten years after his decease," placed the residue of his property in trust with the defendants for sale and investment, and amongst other appropriations of the same, bequeathed to the plaintiff as follows:—

"With a view of rendering to my sister, Mrs. Mercy Trott, some aid and comfort in her decline of life, I hereby direct my said trustees and executors to invest, out of the proceeds and avails of my said estate and property, the sum of one thousand

30*

dollars in bank stock, or any other stock or property, in their discretion, *and to pay over to said Mercy Trott the dividends, interest, or income thereof, semi-annually, during her natural life;* and on the death of the said Mercy Trott, I hereby direct my said trustees to transfer or pay over to my sons, Freeborn Sisson, Jr., and Edward Sisson, and to my daughter, Elizabeth B. Wheaton, three fourth parts of said sum of one thousand dollars, so invested for the use of said Mercy Trott during her life, to each, one fourth part thereof, and that they retain in their possession the other fourth part thereof, and appropriate and apply the dividends, interest, or income thereof, or the principal, in their discretion, to the support and maintenance of my said son Charles N. Sisson."

The testator died on the 8th day of July, 1848; and it was agreed, that there was ample property to pay the debts and legacies of the testator, including the provision for the plaintiff; that a demand for the arrears of dividends or interest on the above legacy of $1,000 had been duly made by the plaintiff of the defendants, in compliance with the statute, before suit brought; and that the defendants refused payment, on the ground, that the interest did not accrue to the plaintiff until ten years after the death of the testator. The writ was dated July 29, 1858.

*James Tillinghast,* for the plaintiff, claimed, that the dividends or interest on the sum of $1,000 became payable to her, under the above clause of the will of Freeborn Sisson, at the expiration of six months from the death of the testator, and were payable to her semi-annually thereafter. He cited 2 Wms. Ex'rs, 1192, 1193, 4th Am. ed.; *Gibson* v. *Bott,* 7 Ves. Jr. 89, 96, 97; *Eyre* v. *Golding,* 5 Binney, 472. The dividends being payable semi-annually, the annuitant is entitled to interest on the arrears from the time the same became due; *Stephenson* v. *Axom,* 1 Bailey, Eq. 274, cited, 7 Ves. 89, n. b; all legacies carrying interest from the time that they are payable. 2 Wms. Ex'rs, 1222; *Glen* v. *Fisher,* 6 Johns. Ch. R. 33. Besides, here is a clear breach of trust in the executors, in not investing; and the court, in such case, imposes interest, sometimes, with annual rests. 2 Story, Eq. Jurisp. § 1277; 1 Ves. Jr. 452, n. 4.

*Britton*, for the executors, maintained:—

1st. By the provisions of the will, the defendants are allowed ten years in which to invest the legacy of the plaintiff.

2d. If the defendants were not allowed ten years, they could not be compelled to pay the legacy till the expiration of one year from the probate of the will.

After the hearing, the case was by agreement continued *nisi*, with liberty to the judges to enter up judgment therein in vacation, as of the last term.

AMES, C. J.   There is nothing in the will to warrant the notion of the executors, that the provision for the plaintiff did not commence until ten years after the death of the testator. It would be preposterous to suppose it, when this legacy, in the nature of an annuity, was given, as the will recites, with the view of rendering "some aid and comfort" to the plaintiff, "in her decline of years;" the chance being that ten years would outlast her.   The will, speaking from the death of the testator, (*Houghton* v. *Franklin*, 1 Sim. & Stu. 392,) directs the executors and trustees to pay over to the plaintiff "the dividends, interest, of income" of the investment, "semi-annually, during her natural life."   These words, in conformity too with the spirit and purpose of the bequest, require that the payment should commence at the expiration of a half year from the death of the testator; and the cases of *Gibson* v. *Bott*, 7 Ves. 96, 97, and *Eyre* v. *Golding*, 5 Binney, 474, 475, distinguishing between the gift of the principal sum for life, without more, and a direction like this to trustees, to pay to one, annually or semi-annually, for life, the interest or income of that sum, as well as the above case of *Houghton* v. *Franklin*, support us in this construction.

The defendants, as executors, were not suable indeed, under our statute, until the expiration of a year from the probate of the will.   This time is given for the convenience of settling the estate; but has nothing to do with the time of payment directed by the will, or from which interest, in such case, is recoverable, when the year has expired and the executors are subject to suit. As the plaintiff was entitled to her semi-annual income at the end of six months from the death of the testator, and it has

been detained from her, she must have interest, commencing at that time on the sum thus detained, and so on each sum in arrear, from the time that it fell due.

Let judgment be entered for the plaintiff for the sum of $———, according to the agreement.

---

After the judgment was entered up, it was discovered, that by an error in calculation, it was not entered up for the amount due to the plaintiff upon the principles of decision announced by the court, into the sum of fifteen dollars.

*Tillinghast* then moved the judges in vacation, under the power reserved, to amend the judgment by adding thereto the amount requisite to make it conform to their decision ; and due notice having been given of the motion,

*The Judges* ordered the judgment to be amended in accordance with the motion, as within, and incident to, the power reserved to them by the agreement,—to enter up judgment in vacation, *as of the last term.*