JANE E. LANGRICK v. JOHN GOSPEL, EXECUTOR FOR JOHN LANGRICK, AND JANE GOSPEL.

*Construction of will—Annuity—Intestate land—Order to executor to give possession to heir.*

An annuity of $50 required to be payable monthly out of any money which should come into the hands of the executors by their right as executors *construed* to mean $50 a month and not $50 a year, and made chargeable on the entire personalty of deceased, so that as to that there was no intestacy.

Where a will disposed of a realty after the decease of testator's wife, but made no express directions concerning its disposal during her life; *held*, that if to that extent an intestacy, it would during that period pass to the person or persons entitled to hold it in case there had been no will; and as the widow—there being no descendants—was entitled to possession, during life, of intestate lands, the life estate belonged to her.

But *quaere* whether such an intent could not, also, be gathered from the will itself.

The probate court has jurisdiction of a petition by a legatee and devisee to order the executor to turn over possession of the property.

Error to St. Joseph. Submitted Apr. 12. Decided Apr. 19.

APPEAL from allowance of claim against estate. Contestants bring error. Affirmed.

*H. H. Riley* for appellants.

*William L. Stoughton* for appellees.

CAMPBELL, J. The controversy in this case arises out of proceedings begun in the probate court and appealed to the circuit court of St. Joseph county, for the payment or delivery over to Mrs. Langrick, who is widow of the decedent, of an annuity, and of the possession of personalty and realty. The questions raised related (1) to the amount of an annuity; (2) to her rights in the general personal assets; and (3) to her rights in realty. It is claimed on her behalf that the will did not cover the realty during her life, and that there is an excess of personalty which is also not willed during the same period. The circuit court directed the payment to her of an annuity at the rate of $50 a month, and the possession of the land during life; but declined to give her the personalty, except the statutory allowances and property bequeathed.

The estate of decedent consisted of a large amount of land, valued at about $30,000, and of personalty valued at nearly $12,000. The will gave money legacies to a brother and two sisters of $1000 each, and a small fund for cemetery purposes. It also gave to the daughter of Jane Gospel certain items of personalty in present or future enjoyment. The legacies and devises which we are called on to construe are those to Mrs. Langrick and Jane Gospel.

There was given to Mrs. Langrick by express provision a life estate in the homestead and furniture, " with an annuity of fifty dollars payable monthly from the date of my decease,

out of any money which comes into the executor's hands, by their rights as executors of my last will and testament, which I direct to be paid through my executors, whom I shall hereafter name."

We think this clearly indicates a continuing annuity amounting to $50 a month. We also have no doubt that the fund from which it is to be paid is the personalty of the deceased, inasmuch as that is the property which absolutely belongs to the executors officially for disposal. The will containing no directions confining payments to the income or interest of this fund, we are of opinion that it sets apart the whole not required for other purposes as a trust fund to secure this annuity, and that there is no intestacy as to any of it. Any balance unexpended for this purpose would accrue as a resulting trust and not as intestate property, to the legatee, Jane Gospel.

To Jane Gospel the legacy is as follows: "I give and bequeath to my niece, Jane Gospel, the balance of all my estate, both real and personal, after Jane E. Langrick's (my wife's) death, to have and to hold forever." No devise is made of the estate during Mrs. Langrick's life—beyond the homestead—unless implied in this devise to Mrs. Gospel. If not so devised it is admitted to be intestate property.

Under our statutes any intestate property left out of a will by a testator is dealt with precisely as if there were no will. This is not seriously questioned. Our statutes of descents give to the widow, where there are no descendants, a life estate in the land whereof the husband dies seized in fee. Comp. L. p. 1367 § 4309.

In this case the will does not affect this life estate in any way expressly, but it devises the remainder in fee to Mrs. Gospel. We are not at all satisfied that according to the general presumption against intestacy this may not fairly imply that the life estate was to go to the wife, at whose death Mrs. Gospel should succeed her in the enjoyment. But inasmuch as the intestacy would make the same disposition it is not important to consider the construction. In our opinion the wife, Mrs. Langrick, is entitled to the life use of the land.

Inasmuch as the probate court has power to order the executors under proper circumstances, such as are shown in this case, to relinquish possession of the lands, (Laws 1881, p. 278,) that court had jurisdiction to hear the petition in the cause, and so had the circuit court on appeal.

The decision of the circuit court, being in accord with the views we have expressed, it must be affirmed and the proper certificate made accordingly. We think the case a proper one to have the taxable costs allowed out of the estate, and therefore no costs are awarded against either party.

The other Justices concurred.