## PROVIDENCE COUNTY.

HENRY RICHARDSON *vs.* CHARLES W. BOWEN, Executor.

A testator gave his brother and sister twenty five dollars per month each, the payments to begin immediately after his decease.

*Held*, that these monthly allowances were subject to the law governing annuities.

*Held*, further, that these payments were, nevertheless, to be paid in full, although there was a lack of assets to pay in full all legacies; the court finding from the will that such was the testator's intention, *i. e.*, they were to begin from his decease and thus to reduce the income of a life estate given to his widow, they were given to aged beneficiaries who probably would not live to enjoy other provisions of the will in their favor, &c.

The testator also provided for paying the funeral expenses of his brother and sister.

*Held*, that the court would not order a present fund set aside for this purpose. It will be enough to apply to the court if at the proper time the executor should neglect to perform this trust of payment.

BILL IN EQUITY to enforce payment of a legacy and for an account.

*January* 14, 1893. MATTESON, C. J. This is a bill for an

account and to enforce the payment of certain pecuniary legacies given to the complainant by the respondent's testator.

Thomas A. Richardson died March 20, 1890, leaving a last will and testament and two codicils thereto, all of which were duly admitted to probate.    The will bears date January 10, 1885.    By it, the testator after providing for the payment of his debts, funeral expenses, &c., gave all his property to his wife for life, and, on her death, made specific devises of certain real estate, and directed the payment of a number of pecuniary legacies.    He also directed that, in case the assets at the death of his wife should not be sufficient to pay his debts and the funeral expenses of his wife and the legacies, in full, the legacies should be "reduced *pro ratâ.*"

The first codicil is dated April 30, 1885 ; its only purpose and effect were to alter the amounts of some of the legacies given in the will.

The second codicil is dated November 23, 1886 ; it alters the amount of a legacy given in the will and provides for the payment monthly of the sum of twenty five dollars each to his sister and brother, the complainant, and for the payment of their funeral expenses, and for compensation to the executor.    The provision for the payment to the complainant, with which we are alone concerned at present, is as follows : "*Second.*    I give and bequeath to my brother, Henry Richardson, the sum of twenty-five dollars per month for and during the term of his natural life, such payments to begin immediately after my decease, to and for his own use forever."

The testator's wife died subsequently to the execution of the second codicil and prior to the testator.    At the time of his decease, the testator was in his eighty-second year.    The complainant is now in his seventy-fifth year.

After payment of all the testator's debts, testamentary and other expenses provided for in the will, there remain, besides the real estate specifically devised, sufficient assets to pay the monthly sums of twenty-five dollars to the complainant, but the assets are not sufficient for the payment in full of all the other legacies.

The executor contends that the monthly payments to the complainant should abate *pro ratâ*; the complainant insists that they should be paid in full.

We are of the opinion that these payments to the complainant, though to be made monthly instead of yearly, must, nevertheless, stand on the footing of an annuity; and this is not disputed by the complainant. The general rule undoubtedly is that when there is a deficiency of assets, annuities must abate ratably with the other pecuniary legacies, provided there is nothing in the will to indicate a contrary intention on the part of the testator. *McLean* v. *Robertson*, 126 Mass. 537; *Towle* v. *Swasey*, 106 Mass. 100; *Lewin* v. *Lewin*, 2 Ves. 415; *Thwaites* v. *Foreman*, 1 Collyer, 409; affirmed 10 Jur. pt. 1, 483; *Innes* v. *Mitchell*, 1 Phillips, 346. The question, then, resolves itself into this, does it sufficiently appear from the will and codicil that the testator intended that the payment of these monthly sums to the complainant should take priority over the payment of the other legacies?

We think the question must be answered affirmatively.

The testator directs that these monthly payments shall begin immediately after his decease. Though this direction standing by itself would not be sufficient to take these payments out of the operation of the general rule, *Innes* v. *Mitchell*, *supra*, yet taken in connection with the fact that if so made they would reduce the income of the estate given to the wife for life and, to that extent, take priority over the provision for her benefit, it affords a strong presumption that the testator's intent was to give them priority over the general legacies; for it can scarcely be supposed that he would make these monthly payments superior to the provision for the benefit of his wife unless they were also to be superior to the payment of the legacies given to others whose claims upon his bounty were less strong.

Nor do we think that it is unreasonable to infer an intent on the part of the testator that these monthly payments should be made in full, even if the assets were insufficient for the payment in full of the general legacies. They were doubtless intended as a provision for the immediate support

of the complainant, who, by reason of his advanced age, is presumably incapacitated from fully providing for his own support, and whose expectation of life was such that it was not probable that they would be of long continuance, or that he would be likely to live to receive the benefit of the other provisions made for him in the will.

The bill also asks that the respondent be required to set apart a sum for the payment of the complainant's funeral expenses. The payment of such expenses, when the necessity arises, is a trust imposed by the will on the executor. It will be time enough for the court to interpose when its action is invoked in consequence of the executor's refusal or neglect to perform that trust.

*Cyrus M. Van Slyck*, for complainant.

*Charles M. Salisbury*, for respondents.