JOHN S. COGGESHALL, City Treasurer of the City of Newport, *vs.* HOME FOR FRIENDLESS CHILDREN *et al.*

A will when proven relates back to the time of the testator's death, and the rights of devisees and legatees under it are to be determined as of that date.

Hence, where a testator gave his residuary estate to one for life, with power to change investments, then to a charitable corporation, but provided that if the amount of the gift was greater than the corporation could by its charter receive and hold, it should take as much as the charter allows, and that the overplus should go to the trustee of a poor fund, the corporation took a vested remainder at the time of the testator's death in so much only of the residuary estate as with its other property would carry its property to the amount limited by the charter at that time, and the trustee of the poor fund took a vested remainder in the excess.

The fact that the life tenant had power to vary investments in his discretion, and the fact that the capacity of the corporation to hold property was enlarged by a subsequent amendment of its charter, are immaterial.

To determine the amount to which the corporation is entitled under the will, the value of the property which is held and the value of the remainder in the residuary estate are to be ascertained as of the date of the testator's death.

BILL IN EQUITY.   On bill and answer.

The ninth clause of the will of Frank Hammett is as follows : —

" 9.   I give and bequeath to my Brother Joseph M. Hammett, the use and annual income, dividends and interest of all other of my estate both real and personal, of whatsoever name and nature, and wheresoever the same may be found of which at the time of my decease, I may be seized or possessed, and to which I may be entitled, he to receive all the benefits of the same during his natural life, and if he see fit he may sell or dispose of any of my property, in the states of New York, New Jersey or Rhode Island, or elsewhere, and invest the same in some safe way or institution."

The eleventh and twelfth clauses are as follows : —

"11th.   The remainder of my estate, both real and personal, I give and bequeath unto the corporation or society, in said City of Newport, called and known by the name of the ' Home for Friendless Children,' to them and their successors and assigns forever, to be by them used for those *Charitable* and benevolent purposes for which said Corporation or society was Created.

"12th.   In case said Corporation cannot by the terms of their charter receive and hold the full amount herein devised and bequeathed to them, then and in that case they shall take as much as their Charter allows them, and in case there shall be any overplus or remainder, then in that case I devise and bequeath said overplus or remainder to the City Treasurer of said City of Newport, for the time being in trust to be by him transferred and credited to the ' Newport Poor Fund ' in said City of Newport for ' Aged Persons ;' and in case said overplus or remainder shall consist of real Estate, I then hereby order my Executor or his successor to sell and

dispose of the same, and pay over to said City Treasurer the proceeds of such sale."

Joseph M. Hammett, the life tenant, died January 24, 1891, and his executor transferred to the Home for Friendless Children as part of the bequest under Frank Hammett's will, securities inventoried as of the value of $44,400.42. The other facts involved are stated in the opinion of the court.

*September* 28, 1894.    PER CURIAM.    We are of the opinion that *Wood* v. *Hammond,* 16 R. I. 98, 115–121, is decisive of the present case.

The will of Frank Hammett was proved November 15, 1876 ; when proved, it related back to the death of the testator on May 26, 1876, and became operative from that date as a special law of descent for the estate disposed of by it, and the rights of all persons designated in it as devisees or legatees are to be regarded as determined by it at that date. Under its provisions, the Home for Friendless Children took, subject to the life estate of Joseph Hammett and the payment of a pecuniary legacy to Stephen Gould of five hundred dollars, a vested remainder in the real and personal estate to the amount, in addition to the property it then held, that it was capable of holding under the limitation in its charter, to wit, to such an amount as would carry its property to the amount of twenty-five thousand dollars, and the city treasurer of Newport took a vested remainder in the excess, in trust, to be transferred and credited to the Poor Fund for Aged Persons.

As the rights of devisees and legatees are to be determined as of the date when the will became operative, that is, at the death of the testator on May 26, 1876, the subsequent amendment to the charter of the Home for Friendless Children on February 11, 1877, by which its capacity to hold property was enlarged to the sum of two hundred thousand dollars, does not affect the question.

Nor, in our opinion, is the question affected by the fact relied on by the respondent that a power to vary the investment in his discretion was conferred on the life tenant. For,

while the exercise of that power would.have divested the devisees and legatees of their title to such portions of the estate as were sold, they would have been entitled to the same interest in the proceeds of sale or in the property in which those proceeds might have been reinvested.

We are of the opinion that the value of the remainder in the residuary estate of the testator is to be ascertained as of the date of his death to such an amount as may be necessary to raise the value of the property then held by the Home for Friendless Children as of the same date to the amount of twenty-five thousand dollars ; that the Home for Friendless Children is entitled to retain such amount and should assign, transfer and convey the excess of said residuary estate above such amount to the complainant, in trust, to be transferred and credited to the Newport Poor Fund for Aged Persons.

*William P. Sheffield, Jun.*, City Solicitor of the city of Newport, for complainant.

*Francis B. Peckham*, for the administrator *de bonis non* with the will annexed of Frank Hammett.