## In re SJURSON'S ESTATE.
### (137 N. W. 341.)

1. **Wills—Construction of Wills—County Court—Jurisdiction.**

    An original or independent action or proceeding cannot be brought in county court to obtain construction of terms of a will; but such court has jurisdiction to construe a will, so far as such construction may be necessary in administering an estate under the will, including the question whether under it land is to be distributed to devisees, or whether a specified devisee shall have, thereunder, the privilege of buying the land at a specified price.

2. **Wills—Construction of Wills—Condition Subsequent—Divesting an Estate—Election of Devisee to Purchase.**

    A will directing that testatrix's land be equally divided between her four children, except that a specified son should have the privilege of buying "our old homestead"—being part only of the lands devised—at a specified price, did not create a condition subsequent upon the devise of the homestead, under Sections 1061, 1064 and 1068, Civ. Code, so as to make the devise subject to be divested by the son's election to purchase.

(Opinion filed July 26, 1912.)

Appeal from Circuit Court, Day County. Hon. FRANK McNULTY, Judge.

In the Matter of the Estate of Thera Sjurson, deceased. From a judgment of the Circuit Court reversing judgment of the County Court granting a petition by Ole Sjurson for permission to exercise an option to purchase the homestead, granted by decedent's will, petitioner appeals. Affirmed.

*Anderson & Waddel,* for Appellant.

"It (the county court) may, of course, entertain a suit or proceedings brought by the executor to construe a will but such a proceeding maintained for the purpose to ascertain the purported meaning of a will is not binding upon any of the parties in interest. Such a proceeding is solely for the purpose of enabling the executor to perform his duties in accordance with the views of the court."

If the law thus laid down by counsel in their brief is good law, then the county court must have jurisdiction of the subject matter, for it would be idle to say that the county court may entertain a proceeding to obtain a construction of a will and in the

next breath say that the county court has no jurisdiction to render a judgment binding upon the parties in interest appearing.

As supporting the contention that the county court's action in a proceeding to construe a will would not be binding upon the parties in interest, counsel below cite Anderson v. Anderson, a Nebraska case reported at 96 N. W., page 276.

It is true that in the course of this decision the Nebraska court undertakes to say that the judgment of the county court inured merely to the benefit of the executor in informing him what course to pursue and that it did not adjudicate the rights of parties in interest. In reply to this we say, first, that this statement by the court in the decision is clearly *obiter,* and second, that there is nothing in the statement of facts connected with this case to show that the parties whose interests were attempted to be adjudicated by the county court were properly before the court and had submitted to and invoked the jurisdiction of the court. For this reason it clearly differs from the case at bar. Underhill on Wills, Vol. 1, Sec. 455, 458.

In Underhill on Wills, Volume 1, Par. 455, that authority says:

"Courts in equity, by reason of the power they possess over trusts and trustees, have inherent jurisdiction to construe wills which create trusts, either expressly or by necessary implication. This inherent power is often confirmed by statute. But it must always appear affirmatively that the will which it is desired to have construed does in fact create a trust or the court will not entertain it. If the will does not involve a trust, a court of equity has no jurisdiction to construe it, as the power of equity to entertain an action for the construction of a will arises wholly out of the jurisdiction of these courts over trusts." Citing: Williams v. Williams, 73 Calif. 99, Pac. 394; In re Walkerley's Estate, 108 Calif. 627, 41 Pac. 772; Bellfield v. Booth, 27 Atl. Rep. 585, 63 Conn. 2; Harrison v. Dusley, 172 Ill. 629, 50 N. E. R. 227; Minkler v. Simons, 71 Ill. App. 462, 172 Ill. 323; Longwith v. Riggs, 123 Ill. 258, 14 N. E. R. 840; Whitman v. Fisher, 74 Ill. 147. The Constitution of this state confers upon the county

courts thereof complete jurisdiction in matters involving questions such as the case at bar. Section 20, Constitution, South Dakota.

Section 25 of the Probate Code, among its other provisions enumerating powers of the county court, has the following:

"Subdivision 9: To exercise all the powers conferred by this chapter or by other law."

"Subdivision 10: To make such orders as may be necessary to the exercise of the powers conferred upon it." Swasey v. Jaques, 144 Mass. 135, 4 New Eng. Rep. 43; Glover v. Reid, (Mich.) 45 N. W. 91; Patterson v. Stewart, 38 Mich. 402; Kelley v. Reynolds, 39 Mich. 462; Langrick v. Gospel, 48 Mich. 185, 12 N. W. R. 38; Webster v. Seattle Trust Company et al., (Wash.) 35 Pac. 1083.

In the institution of these proceedings article 1 of chapter 2 of the Probate Code of this state was had in mind. This provides for partial distribution prior to final settlement. Section 302 of the Probate Code; Miller v. Drane, (Wis.) 75 N. W. 413, supra; Brook v. Chappell, 34 Wis. 405; Heiss v. Murphy, 43 Wis. 47; Van Steenwyck v. Washburn, 59 Wis. 483, 17 N. W. 289.

The language of section 3 of the will is clearly and apparently that of a layman. The precision that a lawyer would seek to accomplish in drafting an instrument of so much importance' is clearly lacking. Yet, from a reading of this provision, of the will no person who is able to read and understand the English language can be in doubt as to its meaning—as to what the testatrix actually intended. Paraphrasing the language, it is in effect:

"Except that my son Ole Sjurson shall have the old homestead at $25.00 per acre if he so desires."

Bearing in mind that courts will mould language with a view to construing wills in accordance with the manifest intent of the testator, we believe that the terms of this will, as paraphrased, are not subject to any of the objections urged against it. On this proposition we cite: Schouler on Wills, 2nd Ed., Sec. 477; Jarman on Wills, Vol. 1, page 451.

We contend that the provisions of this will in issue clearly constitute a condition subsequent. Such conditions are recognized

by the statute law of this state. Section 1068, 1064, 1061, Civil Code; Schouler on Wills, 2nd Ed., Sec. 562, 293; Am. & Eng. Encyc. of Law, 2nd Ed., Vol. 30, 555; Wms. Exrs. 558; Markham v. Hufford, (Mich.) 48 L. R. A. 580; Finley v. King, 3 Pet. 346; 7 L. L. Ed. 701; 4 Kent Com. 124; Flood on Wills, 283; 2 Redfield on Wills, 283; 2 Washb. on Real Prop. 8; Nicoll v. New York E. R. Co., 12 N. Y. 121; Barruso v. Madan, 2 Johns. 145; Robbins v. Gleason, 47 Me. 259.; Burnett v. Strong, 26 Miss. 116; Ward v. New England Screw Co., 1 Cliff 565; Creswell v. Lawson, 7 Gill. & J., 240; Haden v. Stoughton, 5 Pick. 328; Jackson v. Kipp, 8 N. J. L., 241; Bowman v. Long, 23 Ga. 247.

*H. H. Potter,* for Respondent.

The clause which it is sought to enforce in this proceeding is without binding effect for the following reasons: It is not effectual or suited to accomplish any of the purposes for which a will can be made. A will is an instrument by which a testamentary disposition of property is created. The Civil Code of South Dakota, section 998, provides as follows:

"Every person over the age of eighteen years, of sound mind, may by last will dispose of all his estate, real and personal, and such estate not disposed of by will is succeeded to as provided in Title 6."

Also section 1001 provides as follows:

"Every estate and interest in real or personal property to which heirs, husbands, widows and next of kin might succeed, may be disposed of by will."

These sections provide what may be done by a testator. They limit the force and effect of a will to the conveyance of property. No personal contract rights can be created by will; no burden or obligation of any kind can be imposed upon a legatee except such as in legal effect constitute a charge or limitation upon the property itself. That is, any obligation imposed by will upon a devisee can not be personal in its nature, but must be in effect either a carving of a lesser estate out of the property conveyed, or the creating of an encumbrance, charge or lien thereupon. This will does not seek to create a charge, encumbrance or lien. It

gives the property absolutely to these four sons, and after making such gifts, it seeks to create in one of the sons a privilege to purchase. This is an abstract personal thing which can only be created by contract. It is not susceptible of creation by devise. It is not the disposition of an estate."

The clause sought to be enforced is inconsistent with the provisions of the will which devises to the four sons the tract of land in question. It is a familiar and fundamental principle that a clause in a will, following an absolute devise of property, which is inconsistent with the devise, is void. A testator may not create an interest by will which vests on his death and at the same time restrain the alienation thereof, the two provisions being repugnant. Ross v. Ayhhart, 115 N. W. 906; Good v. Fitchthore, 114 Penn., 27 Am. St. Rep. 630, and quoting 123 Am. St. Rep. 618.

In this case the language which seeks to impose upon the devisees the duty of conveying to Ole Sjurson the land bequeathed at a stipulated price of $25.00 per acre, is inconsistent with the legal attributes of dominion and sovereignty over the land which is implied by and is a necessary part of the fee simple title. The owner of property may sell it or keep it at his will. No man may require him to sell it against his will. The words upon which the petitioner bases his claim are not words which in any way limit the estate conveyed. They impose no lien upon the estate; they create no charge upon it; they do not in any way lessen the absolute fee simple title devised.

Giving them their broadest and fullest meaning they only show a purpose existing in the mind of the testator to impose a restraint upon the power of alienation of the property devised. This, the law does not permit, because it is in effect an attempt to rob property of one of the essential rights of ownership. A man cannot bequeath property absolutely and in the next breath impose a restraint or condition upon the devisee which is inconsistent with the essential right of ownership. The clause is ineffectual because the law does not permit the testator to do that which he seeks to do.

This question is very fully discussed in the case note to Moran v. Moran, 5 L. R. A. N. S., page 323. See also Johnson

v. Preston, 10 L. R. A. N. S., page 570, wherein the rule is stated.

By relying upon sections 1068, 1064, 1061, Code, appellant admits that, which indeed he could not dispute, that this will vests in the legatees the full fee title to this land.

This is absolutely fatal to his contention, for the reason that there is nothing whatever in the language of this will indicating that the estate bequeathed should be divested upon the happening of any contingency.

There was no thought in the mind of the testator that there should be, under any circumstances, a divesting of the estate.

On the contrary the idea was that she, the testator, would impose upon the grantee a limitation or restriction upon its alienation, which is inconsistent with the fee estate.

She did not expect or require or suggest that the estate be divested in case the son, Ole, desired to purchase: On the contrary, her idea was that she would give the privilege of purchase to Ole; something which cannot be created by will.

Instead of creating a condition subsequent, this clause in the will is merely precatory. It merely expresses a wish or request on the part of the testator.

A very instructive case is Bills v. Bills, 45 N. W. 748. Will of Burbank, 28 N. W. 648; Alden v. Johnson, 18 N. W. 696; Lyal v. Douglass, 78 N. W. 212 (Ia.); Hamble v. Hamble, 80 N. W. 528 (Iowa); Van Ousdel v. Champian, 62 N. W. 539; Zillmer v. Landguth, 69 N. W. 568 (Wis.).

WHITING, J.   One Thora Sjurson died leaving a will, under and by virtue of which she attempted to dispose of certain property located in Day county, S. D., a part of which was a quarter section, known as the "Old Homestead." She left surviving her four children. One paragraph of her will read as follows: "All my real estate consisting of [here follows description of two quarter sections of land] shall be evenly divided between my four children, except that my son Ole Sjurson shall have the privilege to buy our old homestead for $25 per acre if he so desires. * * *" The said will was, on April 20, 1910, by the county court of said Day county, admitted to probate, and letters testamentary issued there-

on. On August 24, 1910, upon a petition that day presented to the county court by Ole Sjurson, setting forth the death of the testate, the fact that she left certain real estate, the above provision of the will, the names and residences of the several children of the deceased, and that "petitioner is desirous of exercising his option and privilege under the terms of said last will and testament, and hereby declares his intention and desire to buy said real property for the sum of $25 per acre, and that the proceeds thereof be divided, in lieu of the division of said property, between the children of deceased, of whom petitioner is one," the said county court issued an order directing each and every one of said children, other than the petitioner, to show cause why the prayer of the petitioner should not be granted. Upon the return day a demurrer to the said petition was entered, upon the ground that it did not state facts sufficient to entitle the petitioner to the relief demanded, which demurrer was in all things overruled and a judgment entered, permitting the petitioner to purchase the said quarter section of land in accordance with the terms of said will. From this judgment, an appeal was taken to the circuit court, and in the notice of appeal it was set forth that the particular ground upon which the appellants relied upon such appeal was that the clause providing "that said Ole Sjurson shall have the privilege to buy our old homestead for $25 per acre if he so desires" is void and of no effect. Upon such appeal, the circuit court entered a judgment in all things reversing the judgment of the county court, said circuit court holding that "the facts stated in the petition * * * are * * insufficient to entitle the petitioner to any relief;" and the circuit court ordered that such petition be denied and no relief granted thereon. It is from this judgment of the circuit court that the present appeal is taken. ·

[1] Two questions are raised upon this appeal: Had the county court jurisdiction to construe the terms of this will? If so, was its construction correct?

While we believe it is clear that, under the Constitution and Statutes of this state, an original or independent action or proceeding cannot be brought in the county court to obtain a construction of the terms of a will, yet it would seem equally clear that there

is given to such court the equitable power, in the course of the administration of an estate, to construe a will, so far as such construction may be necessary in order to administer such estate under said will and distribute same to the parties entitled thereto. The county court construes every will when it decrees a distribution thereunder, or when it orders the payment of a debt or legacy from any particular fund. In Woerner's American Law of Administration, at page 351, it is said: "The jurisdiction of probate courts over the estates of deceased persons necessarily includes the power, in the first instance, to construe wills, whenever such construction is involved in the settlement and distribution of the estate of a testator." In the case of Webster v. Seattle Trust Co., 7 Wash. 642, 33 Pac. 970, 35 Pac. 1082, after calling attention to some statutory provisions regarding the powers and duties of the probate court, which provisions are similar to those of our statutes, the court said: "Now, although it is nowhere stated, in terms, that the probate court should have power to construe a will, these portions of the statute compel the conclusion that, in so far as construction may have been necessary to accomplish the ends provided for, the jurisdiction to construe was conferred." In Glover v. Reid, 80 Mich. 228, 45 N. W. 91, the court said: "But we think the probate court had jurisdiction to construe the will. Such power is necessarily involved in the power to assign the estate of a testator on the settlement of an executor's account. How. St. §§ 5964, 5965; Gary, Prob. Law, §§ 50, 624. This jurisdiction in the probate court has often been recognized in this state. Paterson v. Stewart, 38 Mich. 402; Kelly v. Reynolds, 39 Mich. 464 [33 Am. Rep. 418]; Langrick v. Gospel, 48 Mich. 185, 12 N. W. 38." In the case of Covert v. Sebern, 73 Iowa, 564, 35 N. W. 637, the court said: "Counsel for defendants insist that the probate court had no jurisdiction in the case, for the reason that it is brought for the interpretation of the will, of which the court of chancery has exclusive jurisdiction. The action is brought to require the executor to distribute the property of the estate as provided for by the terms of the will. The statute clearly give authority to the probate court to direct the payment of legacies, and to enforce its order made in that regard. Code, §§ 2429, 2430,

2433, 2435. In order to determine the questions presented by plaintiff's petition, it was necessary for the probate court to interpret the will. Indeed, no order affecting the rights of the legatees, based upon the will, can be made by the probate court, unless the will be interpreted, so as to discover what these rights are. If the court may require, by order, the executor to distribute the property, or the money realized therefrom, to the legatees, the exercise of this power involves the interpretation of the will. Indeed, the authority to interpret the will is possessed by all courts called upon to enforce rights under it. While the court of chancery has jurisdiction of cases brought for the sole purpose of construing or interpreting wills, it is not so far exclusive as to forbid other courts, in which are cases involving rights under wills, to interpret their language. After chancery, in a proper action, has put an interpretation on a will, other courts will follow it as between parties bound by the decree in the action."

We are of the opinion that the county court had jurisdiction to construe such will for the purpose of determining whether, under the terms thereof, the land was to be distributed to the four children, or whether the land was to be set over to the petitioner and the $4,000 proceeds therefrom to be distributed among such children.

[2] What is the construction that should be placed upon this will? The first question before the county court, and therefore the first one before the circuit court upon appeal, was, not whether or not the clause of the will in question was valid, but whether the clause was one which, if valid, in any manner controlled or affected the administration and distribution of the estate; and it was only in case it was found that, if valid, such clause would affect such administration or distribution of the estate that it would become necessary to pass upon the validity of such clause. Appellant therefore does not claim that under the will he acquired a right to purchase said land from the respondents. Such a claim would be an admission that his right, if there could be a valid grant of such right by will, was one in no manner affecting the distribution of the land, and therefore a right to be established by an action in the circuit court. Neither is there any suggestion in

the record of any claim by either side that the intent of the testator, as shown by said will, was, so far as the "homestead" was concerned, to direct a sale thereof to the appellant, providing he would pay $25 per acre for same, with a devise of said "homestead" to the four children, in case appellant declined to purchase same. The sole contention of appellant, and one upon which his appeal must stand or fall, is that, under said will, there was a devise of said "homestead' to the four children; there being attached to said devise a condition subsequent, under which such devise was subject to be divested by a subsequent act or event, namely, appellant's election to purchase said land.

Appellant cites and relies upon sections 1061, 1064, and 1068 of the Civil Code, which reads as follows:

"A testamentary disposition, when vested, cannot be divested unless upon the occurrence of the precise contingency prescribed by the testator for that purpose."

"A conditional disposition is one which depends upon the occurrence of some uncertain event, by which it is either to take effect or be defeated."

"A condition subsequent is where an estate or interest is so given as to vest immediately, subject only to be divested by some subsequent act or event."

Thus the appellant concedes that the will vested in the four devisees a fee-simple estate in this land; but where do we find any apt words expressing an intent to attach to such devise a condition subsequent, upon the happening of which such estate would divest? There is certainly no direct declaration to that effect, and such an intent can only be found by inferring that the testator must have so intended, because, without such a divestment of the estate that had passed to such devisees, there would be nothing which the county court could order sold to appellant. We do not think a finding of intent to create a condition subsequent should rest upon a mere inference, when the words used are such as can clearly be held to express an intent by the testator to grant to appellant the right to purchase said land from respondents. The mere fact that such a right might amount to a restriction upon alienation, such as would be void, does not justify us in disregard-

ing the clearly expressed intent of the testator, and, by drawing inferences of what the testator might have intended, attempt to evolve a condition subsequent, where there are no clear words creating same.

The judgment of the circuit court is affirmed.

McCOY and SMITH, JJ., took no part in this decision.