ELISHA W. McCRILLIS *vs.* EDGAR McCRILLIS.

MAY 4, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. This is a bill of complaint seeking construction of the fourth paragraph of the will of Jacob Wilson McCrillis, who died March 22, 1921, and whose will, dated January 11, 1918, was admitted to probate in Providence on April 5, 1921. The cause is certified pursuant to General Laws 1923, Ch. 339, sec. 35.

Complainant is testator's son. Respondents are his widow, Valentine, and two sons, Earle F. and Edgar. The latter is executor under the will, takes all the residuary estate and is trustee. The bill was taken *pro confesso* against the widow.

The fourth paragraph reads as follows: "4th. My trustee shall from time to time, sell all the unimproved lands in my estate and shall, in case my personal estate—aside from my household furnishings—proves insufficient to pay my just debts, funeral expenses, the cost of said monument, and the cost of administering my estate, shall use enough of the proceeds of the sale of said lands to complete the administration of my estate, and *thereafter* pay one half the net proceeds of said lands to my son Elisha Wilson

McCrillis in sums not exceeding one hundred dollars per month until my son Elisha W. McCrillis shall encumber, alienate or attempt to dispose of said proceeds of said lands or any part thereof, or shall suffer the same or any part thereof to be subjected to the claims of any of his creditors, or shall make any assignment for the benefit of his creditors, or file a petition in bankruptcy, or be adjudged a bankrupt or insolvent, or any such proceedings be maintained against him; in either of such cases the bequest for his benefit shall be void. In case my son Elisha W. McCrillis shall do, suffer, or permit to be done any of the things aforesaid, my trustee shall have the power, in his absolute discretion, and without its being obligatory upon him, to pay to my son Elisha W. McCrillis one half the net proceeds of such sales, at such times, and in such sums as he shall see fit. The other half of the net proceeds of the sale of unimproved lands shall be paid to my son Earle Frederic McCrillis under the same conditions and restrictions, each and all as are contained in the bequest to Elisha W. McCrillis."

After testator's death claims filed and allowed against the estate did not exceed $5,000. In addition thereto Elisha filed a claim of $75,000 which was disallowed. It has since been in ltiigation, though dormant, for the past five or six years. This claim Elisha has offered to settle for $3,500 and now offers so to do. Testator's personal property, apart from household furniture, was inventoried at $33,409; his improved real estate, $28,200 and 250 lots of unimproved real estate at $25,900. Since his death, the value of the estate has greatly increased. The personal property is sufficient to pay all debts, including the claim of Elisha and to provide for the widow as required in the will.

The answer of Edgar admits the possession of a net amount of $12,000 from the sale since August, 1921, of some of the unimproved realty referred to in the will and expresses a willingness to pay Elisha and Earle as soon as administration is completed. The delay in completing it is due to the pendency of Elisha's claim, which has not been pressed actively by reason, as Elisha asserts, of poverty.

The trustee's possession of sufficient assets to pay in full any obligation now existing to Elisha and Earle which is imposed upon Edgar by the will is admitted. Edgar's claim is that under the terms of the will the word "thereafter" fixes, as the time for commencement of the monthly payments to his brothers, the completion of administration. The disagreement between the parties originated because of Edgar's unwillingness to make any payments unless Elisha would withdraw his claim against the estate and it must be admitted that the claim of such an amount with wilingness so greatly to reduce it does not create a reaction favorable to the validity of the claim. With this, however, we are not now concerned.

Considering the nature of the property upon which the will operated in connection with the language of the will itself, *Inds. Trs. Co.* v. *Alves*, 46 R. I. 16, *Metcalf* v. *Gladding*, 35 R. I. 395, it is apparent that the testator intended to make a gift of the proceeds from the instalment sales of his unimproved land. This was an equitable conversion. *King* v. *King*, 14 R. I. 143; *Hazard* v. *Hazard*, 19 R. I. 374, at 378, *Re Holder*, 21 R. I. 48, *Adams Petr.*, 32 R. I. 41; *Koehne* v. *Beattie*, 36 R. I. 316, at 328. The testator plainly thought the proceeds could be more helpful if used as a monthly source of income to Elisha and Earle. These payments constituted an annuity. Page on Wills, 2d ed. § 1035; 3 C. J. 200; *Cummings* v. *Cummings*, 146 Mass. 501; *Langrick* v. *Gospel*, 48 Mich. 185. Elisha is fifty-seven years old. Earle's age does not appear. The will shows that the testator did not wish his bounty to be placed within the reach of legal process by Elisha's and Earle's creditors. To assure his sons support he attempted to create a spendthrift trust. Whether he succeeded in doing so, in view of the fact that he gave the net proceeds of the sales and not the income therefrom to them, 25 R. C. L. 357, and whether, if he did create such a trust, the restriction was void without a gift over, *Tillinghast* v. *Bradford*, 5 R. I. 205, at 212, *Thurber* v. *Thurber*, 43 R. I. 504, at 514, we are

not called upon to decide because no creditors of Elisha or Earle are making claim nor has either attempted to alienate his rights. The language however is an indication of testator's solicitude for Elisha and Earle when writing the fourth clause of his will.

If Edgar's contention were adopted the power to postpone till settlement of the administration any provision for the needy sons would betray an indifference toward their maintenance inconsistent with the testator's plain intent to provide regular but limited aid for them and would present to Edgar the temptation to force his brothers by necessity to attempt an alienation which might result to Edgar's advantage. A parent solicitous that his children be cared for should not be held to have so intended unless his language plainly requires it.

The will does not plainly require "thereafter" to be construed as fixing the time of the commencement of payments to be after completion of administration. This word is often used as equivalent to "subject to." When so used it indicates the order of payment and not the time when it commences. Such was its meaning in this will. *King* v. *King, supra,* at 146; *Minot* v. *Amory,* 2 Cush. 377, at 387; *Lamb* v. *Lamb,* 11 Pick. 371, at 377-8; *Conklin* v. *Clark,* 48 N. Y. Misc. 432.

As further ground for so holding it may be noted that a strict construction of his language would equally require that *all* unimproved land must be sold before any payments were made. This Edgar does not contend.

The correctness of our construction is more apparent if we leave out certain language of paragraph four inserted to cover a possible state of facts which actually did not and does not exist and read the clause in the light of the facts upon which the will operated. It would then read: "My trustee shall from time to time sell all the unimproved lands of my estate . . . and thereafter pay one half of the net proceeds of said lands to my son Elisha," *etc.* "Thereafter" is thus seen to refer to the sales of unimproved land

rather than to the closing of administration, *i. e.*, the sources of the annuity rather than the time for paying it. *Guthrie* v. *Wheeler*, 51 Conn. 207, at 211-212.

We think, therefore, that the testator intended a vested gift to Elisha and to Earle to commence from the testator's death, *Astley* v. *Essex*, L. R. 6 Ch. App. 898, *Canda* v. *Canda*, 92 N. J. Eq. 423, *Crew* v. *Pratt*, 119 Calif. 131, and be payable from sales of unimproved real estate. *Staples and Pearce, Trustees* v. *D'Wolf et al.*, 8 R. I. 74, at 118; *Curran* v. *Green*, 18 R. I. 329; *R. I. Hos. Trs.* v. *Noyes*, 26 R. I. 323; *Hammett* v. *Wright*, 41 R. I. 264; *Edwards* v. *Edwards*, 183 Mass. 581; *Lawrence* v. *Littlefield*, 215 N. Y. 561.

The remaining question relates to the interest chargeable to the trustee on payments withheld. Although the actual payments to the annuitants had to be postponed until the trustee's sales of land produced the funds to make them, *Hammett* v. *Wright*, *supra*, the annuitants were entitled to payments from the death of testator. G. L. 1923, Ch. 298, Sec. 38. Admittedly the trustee had sufficient funds to make the payments shortly after testator's death. The amount accruing from the sales became a part of the trust funds. *Minot* v. *Amory*, 2 Cush. 377. Interest accrued "on such instalments . . . as are in arrear from the dates when they respectively became payable." *Curran* v. *Green*, 18 R. I. 329. We see no reason why the rate of 6% generally applied to debts should not be employed. The payments were not made because of the large unsettled claim of Elisha. In view of the size of this claim we can not say that Edgar's conduct was entirely without reason. Whatever elements of coercion it might seem to possess it had some warrant in view of what would appear to be gross exaggeration of the claim. Edgar's failure to make any payment to Elisha and Earle does not exhibit those elements of wilful misconduct which should penalize him with a charge of compound interest. The delay can not clearly be called unreasonable or vexatious. 33 C. J. 200. Earle's

claim for interest stands on the same footing with Elisha's though the delay was due to no fault of Earle. The test is the reasonableness of Edgar's conduct. The trustee should pay simple interest at 6% upon the several $100 monthly instalments from the time annuitants were entitled to receive them, i. e., commencing one month after the testator's death.

The parties may present a form of decree in accordance with this opinion.

*Ralph M. Greenlaw, Edwin J. Tetlow*, for complainant.
*Albert B. West*, for respondents.
*William M. P. Bowen*, for Earle Frederic McCrillis.