ANNIE O. BOWEN *vs.* JAMES J. CORRIGAN *et al., Executors.*

MAY 23, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an action of assumpsit to recover monthly installments of an annuity with interest on each installment from the date it became due. After a hearing before a justice of the superior court sitting without a jury, a decision was rendered for the plaintiff for $4,500 with interest from the date of the writ. The case is before this court on the exceptions of both the plaintiff and the defendants to such decision.

Amos M. Bowen, a resident of the city of Providence, died April 16, 1951. His will was admitted to probate by the probate court of that city on June 12, 1951. The defendants were duly appointed executors thereunder and

have qualified as such. However, within the time fixed by law the decedent's brother Harold G. Bowen, who was also a brother of the plaintiff in this case, claimed an appeal to the superior court from the action of the probate court, and thereafter on January 4, 1955 the will was upheld.

The pertinent provisions of the will relating to the issues raised in the instant case appear in clause Fifth thereof in which the testator provides as follows: "Fifth: I direct my Executors to pay to my sister, *Annie O. Bowen,* the sum of One Hundred ($100) Dollars monthly, said payment to commence as soon as possible after my decease and to continue during the lifetime of my sister, *Annie O. Bowen.*"

The executors made the first payment of the annuity on February 1, 1955, approximately one month after the date on which the decree of the probate of the will was affirmed by the superior court. Since that time such monthly payments have been continued. However, plaintiff alleges in her declaration that under the provisions of clause Fifth and by virtue of the provisions of general laws 1938, chapter 566, §37, it was and is the duty of the executors to pay to plaintiff during her lifetime the sum of $100 monthly from and after the decease of the testator, together with interest on the unpaid installments in arrears. The declaration further alleges that, though often demanded and "although there are ample funds in their hands as executors as aforesaid," defendants have refused to pay said monthly sum and interest from April 16, 1951 to January 31, 1955.

The defendants contend in substance that plaintiff is not entitled to any decision and therefore the trial justice erred in his findings. The basis of their contention is that chap. 566, §37, does not apply to the facts here, because this is not a case where a testator made a legacy of a certain sum of money to be paid monthly without stating when it shall be paid. In other words, they contend that the statute applies only where the will does not otherwise provide for the

time of payment and that the instant will made such a provision by the use of the words "said payment to commence as soon as possible after my decease * * *." The defendants therefore conclude that it was not possible for them to make such payments until the final determination of the litigation affecting the will, and that they have carried out the testator's intentions by commencing the payments as soon as the will was finally upheld. They also contend that the superior court has no jurisdiction to construe a will, and if the trial justice construed the will here in reaching his decision he was acting in excess of his jurisdiction and therefore was in error.

The plaintiff contends that chap. 566, §37, applies to the facts in this case. The pertinent provisions of that section read as follows: "When an annuity * * * is given by a will * * * to or in trust for the benefit of a person for life * * * such person shall be entitled to receive and enjoy the same *from* and *after* the decease of the testator, *unless* it is otherwise provided in such will * * *." (italics ours) Section 39 of the same chapter provides: "No suit for the recovery of such annuity * * * shall be brought against an executor until the expiration of one year after his giving bond for the discharge of his trust."

In support of her contentions that the decision of the trial justice awarding her $4,500 was not in error, plaintiff has cited the following authorities: *Trott* v. *Wheaton,* 5 R. I. 353, *Curran* v. *Green,* 18 R. I. 329, *Richardson* v. *Bowen,* 18 R. I. 138, and *McCrillis* v. *McCrillis,* 49 R. I. 240. She also contends that the *Trott, Curran* and *McCrillis* cases support her claim on the question of interest, which she argues she is entitled to as alleged in her declaration.

The principal issue before us is whether the trial justice erred in deciding that the provisions of chap. 566, §37, applied to the facts in the instant case. The payments in question, although they were to be made monthly to plaintiff instead of annually, were in our judgment an annuity

within the meaning of §37.  *Richardson* v. *Bowen, supra.*
After carefully reading the transcript, we are of the opinion
that no question of the construction of a will is involved,
and that the trial justice reached his decision by applying
the pertinent statute to the facts and not by construing the
will.  The question therefore is whether he applied it cor-
rectly.

It is our opinion that this case is controlled by the pro-
visions of chap. 566, §37, and that by virtue thereof the
right to said monthly payments vested on the death of the
testator under clause Fifth of the will.  A will, when proved,
relates back to the death of the testator and becomes oper-
ative from that date as a special law of descent governing
the estate disposed of by it, and the rights of all persons
designated in it as beneficiaries are to be regarded as deter-
mined by it at that date.  *Coggeshall* v. *Home for Friend-
less Children,* 18 R. I. 696, 698; *Curran* v. *Green, supra,* at
page 333; *McCrillis* v. *McCrillis, supra,* at page 245.

In the instant case the will only postponed payment un-
til it was possible for the executors to commence the pay-
ments.  This provision did not affect the time of vesting
of the annuity.  It vested at the death of the testator.
However, since the will was contested the executors could
not safely have commenced payments, nor was plaintiff en-
titled thereto, until the will under which her right was de-
rived was finally probated.  Therefore defendants were jus-
tified in withholding the monthly payments until such final
adjudication was had.  Nevertheless this does not affect
the well-established principle that the will speaks from the
death of the testator.  Hence when it was finally probated
defendants were bound to pay to plaintiff the monthly pay-
ments which would have been payable had no contest been
instituted.  While the facts in *Trott* v. *Wheaton, Curran*
v. *Green,* and *McCrillis* v. *McCrillis, supra,* are not exactly
the same as those in the instant case, the above view is con-
sistent with the reasoning therein and also with the intent

of the provisions of chap. 566, §37. In our opinion the decision of the trial justice awarding the sum of $4,500 to plaintiff was correct.

The remaining exception of plaintiff relates to the refusal of the trial justice to award interest on each of the forty-five monthly installments of $100 from the date when such installment became due. The plaintiff contends that interest was awarded in the *Trott, Curran* and *McCrillis* cases, *supra,* from the date when the installment annuities became payable. However, the reason for withholding the payments in this case differs substantially from that which impelled the executors or trustees to withhold the payments in those cases. Here the will itself fixed the time when payments should commence. That time is as soon as possible after the testator's decease, which as we have held above could not be safely done before the will was finally probated. Therefore the trial justice did not err in refusing to award plaintiff interest on the monthly installments, payment of which was postponed until the date of final adjudication. In the circumstances they became due and payable at that time and the plaintiff is entitled to interest from such date. The decision of the trial justice awarding interest only from the date of the writ was in this respect erroneous.

The plaintiff's exception is sustained in part as to the date on which interest on the unpaid installments is to begin, otherwise her exceptions and those of the defendants are overruled, and the case is remitted to the superior court for entry of judgment on the decision with interest computed in accordance with this opinion.

*Swan, Keeney & Smith, Dana M. Swan,* for plaintiff.

*James J. Corrigan,* for defendants.